# United States District Court
# Northern District of Indiana

| | |
|---|---|
| JERMAINE FOSTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:10-CV-410 JVB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Jermaine Foster, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2006 conviction in Allen County Superior Court for carrying a handgun without a license. *State v. Foster*, No. 02D04-0605-FC-000118. Under RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the Court is obligated to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."

This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Foster was found guilty after a jury trial and in December 2006 was sentenced to eight years in prison. (DE 1 at 1.) He appealed, and the Indiana Court of Appeals affirmed. (*Id.*) He filed a petition to transfer with the Indiana Supreme Court, which was denied on October 18, 2007. (*Id.*) He did not file a petition for writ of certiorari with the United States Supreme Court. (*Id.*) On May 1, 2008, Foster filed a petition for post-conviction relief with the state trial court. (*Id.*) His petition was denied, and the Indiana Court of Appeals affirmed on October 30, 2009. (*Id.*) He did not file a petition to transfer in the Indiana Supreme Court. (*Id.* at 2.) He filed a second collateral attack on his conviction in the state trial court, which he characterizes as a "state level writ of habeas corpus," on May 24, 2010. (*Id.*) This filing was denied on June 10, 2010, and he did not seek appellate review. (*Id.*)

On September 21, 2010, Foster tendered this federal petition to prison officials for mailing. (*Id.* at 6.) In the petition, he raises claims of ineffective assistance of counsel and prosecutorial misconduct. (*Id.* at 3-5.) He does not assert, nor does it appear from a review of the petition, that any of his claims are based on newly discovered evidence or a newly recognized

constitutional right. He also does not claim that a state-created impediment prevented him from filing his federal petition on time. Accordingly, the provisions of Section 2244(d)(1)(A) apply.

Foster did not seek review in the United States Supreme Court after his petition to transfer was denied on direct appeal, and so his conviction became final—and the one-year limitations period started running—when the time for doing so expired on January 16, 2008. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009). The limitations period ran for 105 days until Foster filed his state post-conviction petition on May 1, 2008, tolling the limitations period under Section 2244(d)(2). The limitations period remained tolled until the state post-conviction proceedings came to a conclusion on October 30, 2009, when the Indiana Court of Appeals affirmed the denial of Foster's petition. The limitations period began running again the following day, and continued running for 205 days until May 24, 2010, when Foster filed his second state-level collateral attack. Assuming this filing tolled the limitations period under Section 2244(d)(2), it was only pending for 17 days.[1] The limitations period ran another 102 days from June 11, 2010, to September 21, 2010, when Foster tendered his federal petition to prison officials for mailing. Thus, the limitations period ran for a total of 412 days before Foster filed his federal petition, making the petition approximately 47 days late.

In explaining why his petition is timely, Foster states: "Because it has yet to be a year since the ruling of my direct review." (DE 1 at 6.) As stated above, however, more than a year

---

[1] Only a proceeding attacking the validity of the underlying conviction, as opposed to a request for modification of a sentence or other types of equitable relief, tolls the limitations period under Section 2244(d)(2). *See generally Price v. Pierce*, —F.3d—, 2010 WL 3189427 (7th Cir. Aug. 13, 2010) (describing types of state court collateral review procedures that qualify for tolling under Section 2244(d)(2)). The exact nature of the second collateral review proceeding Foster initiated cannot be discerned from his federal petition. However, there is no need to consider the issue in detail because Foster's federal petition would be untimely even if the limitations period were tolled during the pendency of that proceeding.

passed before he tendered his federal petition for mailing. Foster has provided no basis for excusing the untimeliness of his petition, and therefore the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When the district court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the Court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

As is fully explained above, Foster's habeas petition was not timely filed. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling or find that there is a reason to encourage Foster to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

For these reasons, the petition (DE 1) is **DISMISSED** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the Court **DENIES** a certificate of appealability.

**SO ORDERED** on November 1, 2010.

                                                s/ Joseph S. Van Bokkelen
                                               Joseph S. Van Bokkelen
                                               United States District Judge
                                               Hammond Division